UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEOFFREY ROBERT LAWSON,<br><br>        Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>        Defendants. | CASE NO. C10-5481BHS<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR ORAL ARGUMENT ON REQUEST FOR PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiff Geoffrey Robert Lawson's ("Lawson") second motion for temporary restraining order ("TRO"). Dkt. 9. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for a TRO and sets a hearing on Lawson's request for a preliminary injunction, for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On July 7, 2010, Lawson filed his complaint. Dkt. 1. On July 14, 2010, Lawson filed his first motion for a TRO in which he sought to enjoin Defendants from proceeding with the foreclosure sale on Lawson's home, which according to Lawson, occurred on July 9, 2010. Dkt. 5. On July 20, 2010, the Court issued an order denying Lawson's motion for a TRO (Dkt. 5) stating that Lawson failed to give proper notice of the motion under Rule 65 of the Federal Rules of Civil Procedure and that he had failed to show an

ORDER - 1

immediate and irreparable injury that would be relieved by a TRO as his pleadings indicated that the sale he complained of occurred on July 9, 2010. Dkt. 7. On July 20, 2010, Lawson filed an amended complaint (Dkt. 8) and the instant motion seeking a TRO, stating that the foreclosure sale from which he is seeking relief has been postponed to July 23, 2010 (Dkt. 9). On July 21, 2010, Lawson filed his second amended complaint. Dkt. 10.

## II. FACTUAL BACKGROUND

The subject of this action is a home and property located in Bremerton, Washington, of which Lawson claims to be the rightful owner. Dkt. 10. According to Lawson's complaint, Defendants consist of the mortgage holder, loan servicer, and other companies affiliated with the mortgage on Lawson's home. *Id*. at 4.

In his second amended complaint, Lawson alleges the following counts against Defendants: (1) Wrongful Foreclosure, (2) Breach of Contract, (3) Violation of RESPA, (4) Violation of FDCPA, (5) Descrimination [sic], (6) Violation of TILA and HOEPA, (7) Violation of the FCRA, (8) Fraud, (9) Unjust Enrichment, (10) Unfair and Deceptive Business Practices, (11) Violation of Washington State Consumer Loan Act, (12) Violation of Washington State Consumer Protection Act, (13) Negligence and Gross Negligence, (14) Outrage, (15) Intemtional [sic] Infliction of Emotional Distress, (16) Unreasonable Debt Collection Practices, (17) Exemplary Damages, (18) Declaratory Judgment, (19) Temporary Injunction, and (20) Permanent Injunction. Dkt. 10 at 8-24. The main factual allegations alleged by Lawson to support these claims are that Defendants misrepresented the terms of the mortgage he entered into in 2001, that they improperly reneged on a promise to modify his mortgage and violated a forbearance agreement between themselves and Lawson. *See generally* Dkt. 10.

### III. DISCUSSION

**A.   TRO**

The instant motion for a TRO seeks relief from the Court in the form of an injunction enjoining Defendants from proceeding with the foreclosure of Lawson's home, including the foreclosure sale scheduled for July 23, 2010, pending the Court's resolution of this action. Dkt. 9 at 3.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008). Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Even assuming, without deciding, that Lawson could establish that (1) irreparable harm would occur in the absence of preliminary relief, (2) the balance of equities tipped in his favor, and (3) granting an injunction is in the public interest, Lawson must also establish a likelihood of success on the merits. *Winter*, 129 S. Ct. 376.  Lawson's second amended complaint lists twenty separate counts against Defendants and includes the

names of several federal and Washington statutes.  *See* Dkt. 10 at 8-24.  What is missing from Lawson's complaint is a connection between the statutes and the facts he pleads, in that he fails to show how Defendants' alleged actions constitute violations of the statutes he references.  Lawson fails to list any elements of any of the statutes he cites to or how Defendants' actions could be construed to violate such statutes.  Therefore, the Court concludes that Lawson has failed to show a likelihood of success on the merits of his case.

Although the Court acknowledges that the irreparable injury factor might weigh in favor of granting the TRO in that Lawson may be irreparably harmed if the foreclosure sale occurs, the record is insufficiently developed on this factor and the other factors of the public interest, and the balance of equities weighs in favor of denying the TRO.  Moreover, the balance of equities also weighs in favor of denying the TRO in that Lawson waited until the day before the first foreclosure sale was scheduled to file this case.  He admits in his complaint that he has known about the sale since at least March of 2010.  Dkt. 10 at 8.  If Lawson would have filed suit when he first learned of the sale he could have sought a preliminary injunction prior to the sale, giving Defendants an opportunity to respond and the Court time to rule on the motion before the foreclosure sale occurred.

Lawson has not established that he is likely to succeed on the merits, that granting the TRO is in the public interest, or that the balance of equities are tipped in his favor.  *See Winter*, 129 S. Ct. 376.  Therefore, because Lawson has not adequately met his burden to be granted preliminary injunctive relief, the Court denies the motion for a TRO.

**B.   Preliminary Injunction**

In his motion for a TRO, Lawson requests that the "restraining order . . . remain in effect until such time that the court has the opportunity to hear arguments as to its merits." Dkt. 9 at 3.  The Court is construing this language, combined with Lawson's request for a

"Temporary Injunction" in his motion for a TRO and his second amended complaint (Dkt. 9 at 2 and Dkt. 10 at 23), as a motion for relief in the form of a preliminary injunction. *See Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008 ) (stating that "[a] document filed pro se is to be liberally construed" (internal quotation marks omitted)). The Court will consider the arguments made in Lawson's motion for a TRO in deciding whether he is entitled to a preliminary injunction. If Defendants wish to file a response in opposition to Lawson's motion for a preliminary injunction they may do so on or before August 10, 2010, and Lawson may file a reply on or before August 20, 2010. A hearing for oral argument on the motion for preliminary injunction is set for August 24, 2010, at 2:00 p.m.

## IV. ORDER

Therefore, it is hereby **ORDERED** that

(1) Lawson's motion for TRO (Dkt. 10) is **DENIED**;

(2) The parties **MAY FILE** supplemental briefing as discussed herein.

(3) A **HEARING** on the preliminary injunction motion is set for August 24, 2010, at 2:00 p.m.

DATED this 22nd day of July, 2010.

BENJAMIN H. SETTLE
United States District Judge