UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEOFFREY ROBERT LAWSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OCWEN LOAN SERVICING LLC, et al.,<br><br>　　　　Defendants. | CASE NO. C10-5481BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

　　　　This matter comes before the Court on Plaintiff Michael Geoffrey Robert Lawson's ("Lawson") motion for leave to amend his second amended complaint Dkt. 42. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Lawson's motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

　　　　On July 7, 2010, Lawson filed his original complaint against Defendants. Dkt. 1. On July 20, 2010, Lawson filed his first amended complaint. Dkt. 8. On July 21, 2010, Lawson filed his second amended complaint. Dkt.10. On October 28, 2010, in response to Defendants' reply to his response to the their motion to dismiss, Lawson filed a surreply in which he included a third amended complaint. *See* Dkt. 39. On November 3, 2010, Defendants filed a motion to strike the surreply and pointed out that Lawson did not

ORDER - 1

1  file a proper motion to file his third amended complaint. Dkt. 41. On November 7, 2010,
2  Lawson filed the instant motion for leave to file his third amended complaint. Dkt. 42.
3  On December 2, 2010, Defendants responded (Dkt. 44) and on December 8, 2010,
4  Lawson replied (Dkt. 45).

## II. DISCUSSION

After an answer has been filed, a party may amend its pleading only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. *Id.* When deciding whether to grant leave to amend, courts consider five additional factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, the Court considers the five factors listed above in deciding whether to allow Lawson to file his third amended complaint and concludes that the first factor is neutral as Defendants have not shown any bad faith on the part of Lawson in filing his third amended complaint. However, the Court finds that the second factor, undue delay, weighs in favor of denying leave as Lawson voluntarily dismissed an almost identical lawsuit against Defendants over a year ago and Defendants' motion to dismiss Lawson's current complaint has been pending for months. Allowing Lawson to further amend his complaint would cause some undue delay. Next, the Court finds that the third factor weighs in favor of denying leave as allowing yet another amended complaint, and thereby mooting Defendants' pending motion to dismiss, would cause some prejudice to Defendants by causing further delay in this action. In addition, the Court concludes that the fourth factor is neutral as it is unclear whether Lawson's amendment would likely prove futile. Finally, the Court concludes that the last factor weighs in favor of denying leave as Lawson has previously amended his complaint on two different occasions in this suit. *See* Dkts. 8 & 10.

In reviewing the entirety of the record in this action and the factors listed above, the Court concludes that Lawson's motion for leave to file his third amended complaint should be denied. Lawson has had over a year since voluntarily dismissing an almost identical lawsuit against Defendants in which to perfect the factual allegations he makes and the claims he intends to bring against Defendants. The Court concludes that the undue delay, prejudice to Defendants, and the fact that Lawson has filed two previous amended complaints in this action outweigh his right to file a third amended complaint.

## III. ORDER

Therefore, it is hereby **ORDERED** that Lawson's motion to file his third amended complaint (Dkt. 42) is **DENIED**, Defendants' motion to strike Lawson's surreply to the extent that the surreply included an amended complaint (Dkt. 41) is **GRANTED**, and Defendants' motion to dismiss (Dkt. 25) is **RENOTED** to January 4, 2011.

DATED this 4th day of January, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3