UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEOFFREY ROBERT LAWSON,<br><br>    Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>    Defendants. | CASE NO. C10-5481BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on the motion of Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association in its capacity as Trustee for Morgan Stanley Dean Witter Capital I Inc., Trust 2001-NC3, Mortgage Pass-Through Certificates, Series 2001-NC3 ("U.S. Bank") (collectively "Defendants") to dismiss Plaintiff Geoffrey Robert Lawson's ("Lawson") second amended complaint for failure to state a claim upon which relief can be granted. Dkt. 25. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On July 7, 2010, Lawson filed his complaint. Dkt. 1. On July 14, 2010, Lawson filed his first motion for a TRO in which he sought to enjoin Defendants from proceeding with the foreclosure sale on Lawson's home, which according to Lawson, occurred on July 9, 2010. Dkt. 5. On July 20, 2010, the Court issued an order denying Lawson's motion for a TRO (Dkt. 5) stating that Lawson failed to give proper notice of the motion

ORDER - 1

under Rule 65 of the Federal Rules of Civil Procedure and that he had failed to show an immediate and irreparable injury that would be relieved by a TRO as his pleadings indicated that the sale he complained of occurred on July 9, 2010. Dkt. 7. On July 20, 2010, Lawson filed an amended complaint (Dkt. 8) and a second motion seeking a TRO, stating that the foreclosure sale from which he is seeking relief has been postponed to July 23, 2010 (Dkt. 9). On July 21, 2010, Lawson filed his second amended complaint. Dkt. 10. On July 22, 2010, the Court issued an order denying Lawson's second motion for a TRO (Dkt. 13) and on August 24, 2010, the Court denied Lawson's request for a preliminary injunction (Dkt. 14). On September 24, 2010, Defendants filed the instant motion to dismiss Lawson's second amended complaint for failure to state a claim upon which relief can be granted. Dkt. 25. On September 27 and 28, 2010, respectively, Defendant Regional Trustee Services Corporation ("RTS") (Dkt. 27) and Defendant Quality Loan Services Corporation of Washington ("Quality") (Dkt. 28) joined in the motion to dismiss. On October 11, 2010, Lawson responded (Dkt. 31) and on October 21, 2010, Defendants replied (Dkt. 38).[1] After allowing additional briefing from the parties on the issue of Lawson's request to file a third amended complaint, on January 4, 2011, the Court denied Lawson's motion to amend (Dkt. 46) and now considers Defendants' motion to dismiss.

## II. FACTUAL BACKGROUND

The subject of this action is a home and property located in Bremerton, Washington, of which Lawson claims to be the rightful owner. Dkt. 10. According to Lawson's complaint, Defendants consist of the mortgage holder, loan servicer, and other companies affiliated with the mortgage on Lawson's home. *Id.* at 4.

---

[1] Because RTS and Quality have joined in the motion to dismiss, for purposes of this order the Court will refer to Ocwen, U.S. Bank, RTS, and Quality collectively as "Defendants."

ORDER - 2

In his second amended complaint, Lawson alleges the following counts against Defendants: (1) Wrongful Foreclosure, (2) Breach of Contract, (3) Violation of RESPA, (4) Violation of FDCPA, (5) Discrimination, (6) Violation of TILA and HOEPA, (7) Violation of the FCRA, (8) Fraud, (9) Unjust Enrichment, (10) Unfair and Deceptive Business Practices, (11) Violation of Washington State Consumer Loan Act, (12) Violation of Washington State Consumer Protection Act, (13) Negligence and Gross Negligence, (14) Outrage, (15) Intentional Infliction of Emotional Distress, (16) Unreasonable Debt Collection Practices, (17) Exemplary Damages, (18) Declaratory Judgment, (19) Temporary Injunction, and (20) Permanent Injunction.  Dkt. 10 at 8-24. The main factual allegations alleged by Lawson to support these claims are that Defendants misrepresented the terms of the mortgage he entered into in 2001, that they improperly reneged on a promise to modify his mortgage and violated a forbearance agreement between themselves and Lawson.  *See generally* Dkt. 10.

### III. DISCUSSION

**A.    Standard for Deciding Motions to Dismiss Under Rule 12(b)(6)**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  A court accepts the factual allegations in the complaint as true for purposes of deciding the motion to dismiss.  *Id*.  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.

at 555-56 (internal citations omitted).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**B.  Statutes of Limitations**

Lawson's complaint alleges claims against Defendants for breach of contract, damages for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"), discrimination under Washington state law, damages for violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), violations of the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602, et seq. ("HOEPA"), fraud, negligence, and outrage (intentional infliction of emotional distress).  Lawson's claims stem from his mortgage that originated in August of 2001.  Accordingly, the statute of limitations for each of the claims listed above have lapsed.  Lawson fails to show how any equitable tolling provisions apply to any of these claims or any other reason why the statute of limitations on such claims have not lapsed.  Therefore, the Court concludes that Lawson's claims for breach of contract, discrimination under Washington law, damages for violations of RESPA and TILA, violations of HOEPA, fraud, negligence, and outrage (intentional infliction of emotional distress) must be dismissed with prejudice.

**C.  Wrongful Foreclosure Under the Deed of Trust Act**

Lawson's first claim for relief alleges wrongful foreclosure on the part of Defendants.  In Washington, the Deed of Trust Act, RCW 61.24 et seq., governs non-judicial foreclosure procedures.  In order for the foreclosure process to begin, a borrower must default on his mortgage and then be given 30 days notice and an opportunity to cure the default.  *See* RCW 61.24.030.  Here, Lawson does not allege that he did not default on his mortgage, that Defendants failed to give him proper notice before beginning foreclosure proceedings, or that they otherwise violated the Deed of Trust Act in initiating such proceedings.  Rather, it appears from the complaint that Lawson's allegations of

ORDER - 4

wrongful foreclosure stem from alleged forbearance agreements between himself and Defendants, entered into to allow Lawson to become current on his mortgage. *See* Dkt. 10. However, Lawson fails to show, even assuming Defendants did in fact enter into the forbearance agreements as he alleges, how Defendants violated the Deed of Trust Act in proceeding with the foreclosure process when Lawson failed to cure his default. Accordingly, Lawson's claims for wrongful foreclosure must be dismissed.

**D.     FDCPA**

Lawson's next claim alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Congress enacted the FDCPA

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e). Defendants argue that the FDCPA does not apply because they are not "debt collectors" within the meaning of the statute. Dkt. 25 at 14-15. The FDCPA exempts from the definition of a debt collector

> any person collecting or attempting to collect any debt owed or due or asserted owed or due another to the extent such activity . . . (ii) concerns a debt owed which was originated by such person . . . [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. §1692a(6)(F).

In seeking dismissal of Lawson's FDCPA claim, Defendants rely on various district court cases that have held that the activity of foreclosing on a property is not debt collection under the FDCPA. Thus, Defendants argue, they are not debt collectors within the meaning of the statute as the activity Lawson complains of involved foreclosing on his property. Dkt. 25 at 14-15 (citing *Hulse v. Ocwen Federal Bank FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). However, this Court has not adopted this per se holding that activity involving foreclosing on a property is not subject to the FDCPA, and will not do so here. *See Albers v. Nationstar Mortg. LLC*, 2011 WL 43584, at *2 (E.D. Wash. Jan. 3,

ORDER - 5

2011) (rejecting the holding in *Hulse* and citing to Fourth and Fifth Circuit Courts of Appeals cases rejecting the same). Defendants have failed to make any additional arguments as to why Lawson's FDCPA should be dismissed. Accordingly, the Court concludes that Defendants' motion to dismiss with respect to Lawson's FDCPA claim is denied.

**E.   Discrimination**

As discussed above, the Court has concluded that Lawson's claim for discrimination under Washington law must be dismissed because the statute of limitations has lapsed. Lawson also alleges discrimination, apparently based on race, under the United States Constitution related to Defendants' "refinancing and servicing" of Lawson's mortgage.. *See* Dkt. 10 at 13. Although Lawson does not specifically state in his complaint what section of the United States Constitution he alleges was violated, in response to Defendants' motion to dismiss, Lawson states that Ocwen discriminated against him in violation of 15 U.S.C. § 1691, et seq., Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VI"), and Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3604, et seq. ("Title VIII"). Title VI covers employment discrimination and does not apply to discrimination related to the refinancing and servicing of Lawson's mortgage. *See* 42 U.S.C. § 2000e et seq. However, Defendants have failed to reply to Lawson's response to show why Lawson's claims brought under 1 U.S.C. § 1691, et seq., and Title VIII should be dismissed. *See* Dkt. 25 at 15-16. Therefore, the Court concludes that Defendants' motion to dismiss with respect to Lawson's claims for discrimination under federal law is denied without prejudice.

**F.   FCRA**

Lawson's next claim for relief alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Section 1681s-2(b) provides for a private right of action against a furnisher of information, as defined by the statute, based on a response, or

ORDER - 6

lack thereof, to a notice of dispute received directly from the consumer or borrower. *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Specifically, section 1681s-2(b) states that furnishers of information have the following duties upon notice of dispute:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

*Id*. In order to proceed with a claim under 1681s-2(b) against a furnisher of information, a borrower or consumer must show that a notice of dispute was sent to a consumer reporting agency.

Here, Lawson does not allege that he sent a notice of dispute to a credit reporting agency and therefore Lawson has no private right of action against Defendants under the FCRA. *See Nelson*, 282 F.3d at 1059-60. Moreover, Lawson does not allege that he was not in default on his mortgage and therefore, information furnished by Defendants to a credit reporting agency of such default was not false. Accordingly, the Court concludes that Lawson's FCRA claims must be dismissed.

### G. Unjust Enrichment

Lawson also alleges claims against Defendants for unjust enrichment. In order to establish a claim for unjust enrichment, the following elements must be met: "(1) there must be a benefit conferred on one party by another; (2) the party receiving the benefit must have an appreciation or knowledge of the benefit; and (3) the receiving party must accept or retain the benefit under the circumstances that make it inequitable for the receiving party to retain the benefit without paying its value." *Dragt v. Dragt/DeTray, LLC*, 139 Wn. App. 560, 576 (2007). In support of his claim for unjust enrichment, Lawson alleges that Defendants threatened and followed through with foreclosure actions without cause in 2005 and 2006 and that they "extorted money" by demanding "down payments for new forbearance plans when the old plans were not in breach." Dkt. 10 at 17. Even assuming the facts as alleged by Lawson, he has failed to show how Defendants acceptance or retention of the benefit, i.e. his payments, is inequitable as he does not dispute he was in default of his mortgage and that Defendants were entitled to payments on that mortgage. Accordingly, Lawson's claims for unjust enrichment must be dismissed.

### H. CLA and CPA

Although Lawson alleges two separate claims in his complaint for violations of the Washington Consumer Protection Act, RCW 19.86, et seq. ("CPA") and unfair and deceptive business practices, the latter claim is an allegation that Defendants violated the CPA and therefore the Court will address the claims together. Lawson also alleges a claim under the Consumer Loan Act, RCW 31.04, et seq. ("CLA"), which is related to his CPA claim.

The CLA provides:

> (2) For all loans made by a licensee that are secured by a lien on real property, the licensee shall provide to each borrower within three business days following receipt of a loan application a written disclosure containing

>an itemized estimation and explanation of all fees and costs that the borrower is required to pay in connection with obtaining a loan from the licensee.

RCW 31.04.102(2). Here, Lawson fails to allege that any failure on the part of Defendants to provide disclosures with respect to his loan. Moreover, Defendants, as the loan servicer and the trustee, neither participated in negotiating or originating Lawson's loan and had no duty to provide disclosures related to the origination of the loan. Accordingly, the Court concludes that Lawson's CLA claim must be dismissed.

"In order to state a claim for relief under the CPA, plaintiffs must allege that acts by defendant were unfair or deceptive, occurred in the course of trade or commerce, affected the public interest, and caused injury to plaintiffs' business" or property. *Segal Co. (Eastern States), Inc. v. Amazon.Com*, 280 F. Supp. 2d 1229, 1232 (W.D. Wash. 2003) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 780 (1986)). Lawson's complaint alleges that Defendants violated the CPA by deceiving Lawson in promising a lower interest rate and a fixed interest rate on his original loan, cancelling two forbearance agreements without cause and asserting that additional down payments were needed to prevent foreclosure, allowing him to believe that the forbearance plans had a benefit when no benefit existed, and promising loan modification upon completion of forbearance agreement when a modification was not an option. Dkt. 10 at 17-18. Because the Court, for purposes of deciding a motion to dismiss, must assume as true the facts alleged in Lawson's complaint, the Court concludes that Defendants are not entitled to dismissal of Lawson's CPA claim as he may be able to show the requisite elements of the claim based on the facts as alleged.

I.   **Unreasonable Debt Collection Practices**

Lawson's allegations that Defendants engaged in unreasonable debt collection practices is not a separate claim, but rather fits under Lawson's claims under the

ORDER - 9

Washington CPA and the FDCPA. To the extent Lawson is attempting to allege a separate claim, it must be dismissed as he fails to show that such a cause of action exists.

**J.  Miscellaneous Relief**

Lawson seeks relief in the form of exemplary damages, a declaratory judgment and a permanent injunction. Because the Court has concluded that Defendants' motion to dismiss is denied with respect to certain claims, the issues regarding what relief Lawson may be entitled to if he prevails on those claims, will be decided on summary judgment or at trial.

## IV. ORDER

Therefore, it is hereby **ORDERED** as follows:

(1) Defendants' motion to dismiss (Dkt. 25) is **GRANTED in part** and **DENIED in part** as discussed herein;

(2) Lawson's claims for breach of contract, discrimination under Washington law, damages for violations of RESPA and TILA, violations of HOEPA, fraud, negligence, and outrage (intentional infliction of emotional distress) are **DISMISSED with prejudice** based on the statutes of limitations;

(3) Lawsons' claims for wrongful foreclosure, unjust enrichment, unreasonable debt collection practices and his claims brought under the FCRA, CLA, and CPA are **DISMISSED without prejudice.**

DATED this 8th day of February, 2011.

BENJAMIN H. SETTLE
United States District Judge