UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEOFFREY ROBERT LAWSON,<br><br>    Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>    Defendants. | CASE NO. C10-5481BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION REQUESTING CLARIFICATION AND RECONSIDERATION OF THE COURT'S ORDER ON DEFENDANTS' MOTION TO DISMISS |

    This matter comes before the Court on Plaintiff's Motion Requesting Clarification and Reconsideration of the Court's Order on Defendants' Motion to Dismiss (Dkt. 50). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

    On July 21, 2010, Plaintiff Geoffrey Robert Lawson ("Lawson") filed a Second Amended Complaint ("Complaint"). Dkt. 10.

    On September 24, 2010, Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association in its capacity as Trustee for Morgan Stanley Dean Witter Capital I Inc., Trust 2001-NC3, Mortgage Pass-Through Certificates, Series

ORDER - 1

2001-NC3 ("U.S. Bank") filed a motion to dismiss Lawson's Complaint for failure to state a claim upon which relief can be granted. Dkt. 25. On September 27 and 28, 2010, respectively, Defendant Regional Trustee Services Corporation ("RTS") (Dkt. 27) and Defendant Quality Loan Services Corporation of Washington ("Quality") (Dkt. 28) joined in Ocwen and U.S. Bank's (collectively "Defendants") motion to dismiss. On October 11, 2010, Lawson responded (Dkt. 31) and on October 21, 2010, Defendants replied (Dkt. 38).

On February 8, 2011, the Court granted in part and denied in part Defendants' motion to dismiss. Dkt. 49. On February 18, 2011, Lawson filed a motion for clarification and reconsideration of the Court's order. Dkt. 50. On March 15, 2011, the Court requested a response from Defendants. Dkt 52. On March 30, 2011, Ocwen and U.S. Bank filed a response. Dkt. 53. On April 7, 2011, Lawson replied. Dkt. 57.

## II. DISCUSSION

### A. Clarification

Lawson seeks clarification of the Court's order regarding his Washington Consumer Protection Act ("CPA") claim. Dkt. 50 at 3. Although the Court concluded that Lawson's CPA claim should survive Defendants' motion to dismiss (Dkt. 49 at 9), the Court inadvertently ordered that the CPA claim be dismissed. *Id*. at 10. Therefore, the Court vacates the portion of its order that dismissed Lawson's CPA claim and denies Defendants' motion to dismiss this claim.

### B. Breach of Contract

A plaintiff in a contract action must allege a valid contract between the parties, a breach, and resulting damage. *Lehrer v. State, Dept. of Social and Health Services*, 101 Wn. App. 509, 516 (2000). The statute of limitations for breach of a written contract is limited to six (6) years from the date of the alleged breach. R.C.W. § 4.16.040(1).

In this case, Lawson argues that the Court should not have granted Defendants' motion to dismiss on Lawson's breach of contract claims. Dkt. 50 at 3-4. Lawson alleges that he entered into a "Fresh Start" forbearance plan with Ocwen in July of 2005. Dkt. 10, ¶ 17. Lawson alleges that Ocwen "arbitrarily cancelled current and prior forbearance plans, refused to take payments and pretended as if the Plaintiff was in default." *Id.*, ¶ 19. Lawson alleges that Ocwen breached the forbearance agreements in July of 2005 and June of 2006. *Id.*, ¶ 55. Lawson alleges resulting damages such as wrongful foreclosure. *Id.*, ¶ 19. Therefore, Lawson has alleged a valid contract between the parties, a breach of the contract within six years of his filing date, and resulting damages.

Therefore, the Court grants Lawson's motion for reconsideration on this claim, vacates the portion of its previous order that dismissed this claim, and denies Defendants' motion to dismiss this claim.

**C.   RESPA**

Under RESPA, a loan servicer is required to respond to a borrower's qualified written requests. 12 U.S.C. § 2605(e). The borrower must bring an action within three years from the date upon which the alleged violation occurred. *Id.* at § 2614.

In this case, Lawson argues that the Court should not have granted Defendants' motion to dismiss his RESPA claim. Dkt. 50 at 4. Lawson has alleged that Ocwen was his loan servicer. Dkt. 10, ¶ 27. Lawson has alleged that he sent qualified written requests to Ocwen for loan information and that "Defendants failed to provide Plaintiff with the name and addresses of past and present beneficiaries to the current Deed of Trust." Dkt. 10, ¶ 62. Although the Complaint does not set forth the dates of the correspondence, Lawson asserts that he sent the written requests in 2008 and 2010. Dkt. 50 at 4. The Court finds that Lawson has set forth sufficient allegations to state a RESPA claim upon which relief may be granted. Therefore, the Court grants Lawson's motion

for reconsideration on this claim, vacates the portion of its previous order that dismissed this claim, and denies Defendants' motion to dismiss this claim.

**D.     Remainder of Lawson's Motion**

The Court finds that the remainder of Lawson's motion is without merit and is therefore denied.

### III.  ORDER

It is hereby **ORDERED** that Plaintiff's Motion Requesting Clarification and Reconsideration of the Court's Order on Defendants' Motion to Dismiss (Dkt. 50) is **GRANTED in part** and **DENIED in part** as follows:

1.     Lawson's request for clarification is **GRANTED** and the Court vacates the portion of its previous order that dismissed Lawson's CPA claim;

2.     Lawson's motion for reconsideration on his breach of contract claim and his RESPA claim is **GRANTED**, the Court vacates the portion of its previous order that dismissed these claims, and denies Defendants' motion to dismiss these claims; and

3.     The remainder of Lawson's motion is **DENIED**.

DATED this 5th day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge