UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEOFFREY ROBERT LAWSON,<br><br>    Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>    Defendants. | CASE NO. C10-5481BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendant Regional Trustee Services Corporation's ("Regional") motion to dismiss (Dkt. 64) and Quality Loan Services Corporation of Washington's ("Quality") joinder in that motion (Dkt. 67). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 21, 2010, Plaintiff Geoffrey Robert Lawson ("Lawson") filed his second amended complaint. Dkt. 10. On September 24, 2010, Defendants Morgan Stanley Dean Witter Capital I Inc Trust 2001-NC3, Ocwen FSB, Ocwen Financial Corporation, and Ocwen Loan Servicing, LLC filed a motion to dismiss. Dkt. 25. Quality joined in the motion to dismiss. Dkts. 27 & 28. On February 10, 2011, the Court granted in part and denied in part the motion. Dkt. 49.

ORDER - 1

On May 31, 2011, Lawson filed a Third Amended Complaint against Defendants Ocwen Loan Servicing, LLC; Ocwen FSB; Ocwen Financial Corporation; Ocwen; New Century Mortgage Corporation; Morgan Stanley Dean Witter Capital I, Inc. Trust 2001-nc3, Mortgage Pass-through Certificates, Series 2001-nc3 ("US Bank"); Regional; Quality Loan Services Corporation of Washington ("Quality"); Assignees; Affiliates and Representatives. Dkt. 62.

On July 25, 2011, Regional filed a motion to dismiss. Dkt. 64. On July 28, 2011, Quality filed a brief joining in the motion to dismiss. Dkt. 67. On August 9, 2011, Lawson responded. Dkt. 69. On August 16, 2011, Regional replied. Dkt. 71. On August 17, 2011, Quality replied. Dkt. 72.

## II. FACTUAL BACKGROUND

The subject of this action is a home and property ("Property") located in Bremerton, Washington, of which Lawson claims to be the rightful owner. Dkt. 62, ¶ 43. Regional, a foreclosure services company, was engaged by Ocwen to conduct a foreclosure on the Property in the name of the then current beneficiary U.S. Bank, National Association, as Trustee under the Pooling and Servicing Agreement Dated November 1, 2001 Morgan Stanley Dean Witter Capital I Inc., Trust 2001-NC3 ("US Bank"). Dkt. 65, Exh. A. On several occasions, the sale was postponed per instructions by Ocwen past the maximum postponement dates, and as such, multiple Notices of Trustee's Sale went out each in the name of U.S. Bank. *Id*., Exhs. B-F.

## III. DISCUSSION

**A.     Motion to Dismiss Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the

complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

**B.      Wrongful Foreclosure**

In Washington, there is no cause of action for "wrongful foreclosure" when no foreclosure has in fact occurred. *Vawter v. Quality Loan Svc. Corp. of Wa.*, 707 F. Supp. 2d 1115, 1123-24 (W.D. Wash. 2010); *Engel v. First Am. Tit. Ins. Co.*, 2010 WL 3819372 (W.D. Wash.). Absent a Trustee's sale of the property, a claim for wrongful foreclosure must be dismissed as a matter of law. *Vawter*, 707 F. Supp. 2d at 1124.

In this case, a trustee's sale has not occurred and the Property has not been foreclosed. Therefore, the Court grants Regional's and Quality's motions to dismiss Lawson's claims for wrongful foreclosure.

**C.      Breach of Contract**

A plaintiff in a contract action must allege a valid contract between the parties, a breach, and resulting damage. *Lehrer v. State, Dept. of Social and Health Services*, 101 Wn. App. 509, 516 (2000).

In this case, Lawson has failed to allege a valid contract between him and either Regional or Quality. Therefore, the Court grants Regional's and Quality's motions to dismiss Lawson's claims for breach of contract.

**D.      RESPA and Washington Consumer Loan Act**

RESPA requires that a "loan servicer" must provide certain information upon receiving from the borrower a qualified written request ("QWR") "for information

ORDER - 3

relating to the servicing of such a loan." 12 U.S.C. § 2605(e)(1)(A). "The term 'servicer' means the person responsible for servicing of a loan . . . ." *Id*. § 2605(i)(2). Similarly, the Washington Consumer Loan Act ("CLA") only applies to loan servicers. RCW 31.04.290.

In this case, Lawson has failed to allege that either Regional or Quality are loan servicers. Therefore, the Court grants Regional's and Quality's motions to dismiss Lawson's claims for violations of RESPA and the CLA.

**E.    Fair Debt Collection Practices Act**

Lawson's next claim for relief alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Section 1692k provides a private right of action against "any debt collector who fails to comply with any provision of" the act.

In this case, Lawson asserts the following allegations: (1) Defendants misrepresented that they were foreclosing in the name of New Century Mortgage Corporation (Dkt. 62, ¶ 121); (2) Defendants failed to respond to his alleged Qualified Written Request (*id*., ¶¶ 122-124 & 127); (3) Defendants failed to properly account for forbearance payments (*id*., ¶ 125); and (4) Defendants failed to accurately provide payoff information (*id*., ¶ 126). Regional and Quality argue that allegations (2)-(4) relate to actions of the loan servicer and allegation (1) is inaccurate based on the Notice of Trustee's Sale documents (Dkt. 65, Exhs. A-D). Lawson has failed to provide any argument to the contrary, and the Court agrees with Quality and Regional. Therefore, the Court grants Regional's and Quality's motions to dismiss Lawson's claims for violations of the FDCPA.

**F.    Washington Consumer Protection Act**

"In order to state a claim for relief under the [Consumer Protection Act ("CPA")], plaintiffs must allege that acts by defendant were unfair or deceptive, occurred in the

ORDER - 4

course of trade or commerce, affected the public interest, and caused injury to plaintiffs' business" or property. *Segal Co. (Eastern States), Inc. v. Amazon.Com*, 280 F. Supp. 2d 1229, 1232 (W.D. Wash. 2003) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 780 (1986)).

In this case, Lawson alleges (1) that Defendants failed to properly certify the existence and legal standing of New Century Mortgage pursuant to RCW 61.24.030 (7)(a) (Dkt. 62. ¶ 218); (2) that Quality violated 18 U.S.C. 1341 certifying that New Century Mortgage was the beneficiary of Lawson's loan (*Id*., ¶ 219); and (3) Defendants failed to respond to Lawson's alleged QWRs (*Id*., ¶ 220). While the Court has dismissed Lawson's claim based on Regional's and Quality's failure to respond to Lawson's QWRs, Regional and Quality have failed to show that the other allegations are insufficient to support a plausible claim for relief. Therefore, the Court denies Regional's and Quality's motion to dismiss Lawson's CPA claim.

**G.     Remaining Claims**

Lawson asserts claims for violations of the Fair Credit Reporting Act; Negligence and Gross Negligence; Unjust Enrichment; Discrimination; Exemplary Damages; Declaratory and Injunctive Relief. Dkt. 62, ¶¶ 244-297. Regional and Quality argue that these claims against them, if they even are asserted against them, fail because the claims stem from the breach of contract claims and can only be asserted against entities that have an interest in the property. *See, e.g.*, Dkt. 67 at 7-9. The Court agrees with Regional and Quality. Therefore, the Court grants Regional's and Quality's motions on these issues and dismisses Lawson's claims.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Regional's motion to dismiss (Dkt. 64) and Quality's joinder in the motion (Dkt. 67) are **GRANTED in part** and **DENIED in part** as set forth herein.

DATED this 13th day of September, 2011.

BENJAMIN H. SETTLE
United States District Judge