UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEOFFREY ROBERT LAWSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>　　　　　Defendants. | CASE NO. C10-5481BHS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Regional Trustee Services Corporation's ("Regional") motion for reconsideration. Dkt. 74. The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 31, 2011, Plaintiff Geoffrey Robert Lawson ("Lawson") filed a Third Amended Complaint against multiple Defendants, including Regional. Dkt. 62.

On July 25, 2011, Regional filed a motion to dismiss. Dkt. 64. The motion contained (1) a brief three sentence argument regarding dismissal of Lawson's cause of action for violations of the Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86, (*id*. at 6) and (2) no argument on the issue of dismissal of Lawson's *pro se* complaint without leave to amend. On September 13, 2011, the Court granted in part and denied in part the motion. Dkt. 73. The Court denied Regional's motion as to Lawson's

ORDER - 1

cause of action for a violation of the CPA because Regional had "failed to show that the other allegations are insufficient to support a plausible claim for relief." *Id*. at 4-5.

On September 13, 2011, Regional filed a motion for reconsideration. Dkt. 74.

## II. FACTUAL BACKGROUND

The subject of this action is a home and property ("Property") located in Bremerton, Washington, of which Lawson claims to be the rightful owner. Dkt. 62, ¶ 43. Regional, a foreclosure services company, was engaged by Ocwen to conduct a foreclosure on the Property in the name of the then current beneficiary U.S. Bank, National Association, as Trustee under the Pooling and Servicing Agreement Dated November 1, 2001 Morgan Stanley Dean Witter Capital I Inc., Trust 2001-NC3 ("US Bank"). Dkt. 65, Exh. A. On several occasions, the sale was postponed per instructions by Ocwen past the maximum postponement dates, and as such, multiple Notices of Trustee's Sale went out each in the name of U.S. Bank. *Id*., Exhs. B-F.

## III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Regional moves for reconsideration arguing that, contrary to the Court's finding, it did show that Lawson's allegations failed to establish a plausible claim under the CPA. Dkt. 74 at 4-6. While Regional's expanded argument appears to fully address each allegation supporting Lawson's CPA claim, Regional has failed to show that its argument could not have been presented to the Court in the motion to dismiss. Moreover, Regional presented no argument on the issue of dismissing a *pro se* party's

complaint without granting leave to amend, and the Court will not address new issues on a motion for reconsideration. This order does not preclude Regional from filing a subsequent motion to dismiss.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Regional's motion for reconsideration (Dkt. 74) is **DENIED**.

DATED this 14th day of September, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3